IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWAN RASHEED MCBRIDE, | ) | 308 |
| | ) | CR08-36 |
| vs. | ) | CV12-827 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On June 12, 2012, Petitioner Dawan R. McBride submitted a *pro se* "Memorandum of Law Brief in Support of Petition to Vacate Judgment in the Nature of Actual Innocence" ("Memorandum Brief") and accompanying letter. Upon review of the Memorandum Brief, and the letter accompanying it, we concluded that Petitioner was challenging the validity of his conviction or sentence, and therefore, further concluded that the Memorandum Brief should be treated as a Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255, and the accompanying letter should be attached as an exhibit thereto. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). Accordingly, on June 19, 2012, we instructed the Clerk of Court to file the Memorandum Brief as a Motion brought pursuant to 28 U.S.C. § 2255, and the accompanying letter as an exhibit thereto.

On July 3, 21012, The Government filed its "Opposition by United States to Defendant's Motion to Vacate." In its Opposition, the Government raised four (4) arguments in support of its contention that this Court lacks jurisdiction to entertain

Petitioner's most recent pleading. See Opposition, pp. pp. 1-2.

This is Petitioner's third Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255. As such, this motion is subject to the requirement of 28 U.S.C. § 2255(h) which provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. As Petitioner's Motion is a "second or successive [§ 2255] motion" that has not been certified by the Third Circuit, this Court lacks jurisdiction to review Petitioner's claims and Petitioner's Motion must be dismissed on that basis.

Accordingly, the following Order is therefore entered:

AND NOW, this 17th day of July, 2012, it is hereby ORDERED, ADJUDGED, AND DECREED that Petitioner Dawan McBride's *pro se* "Memorandum of Law Brief in Support of Petition to Vacate Judgment in the Nature of Actual Innocence," which we have treated as a Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255, is DISMISSED for lack of jurisdiction.

Maurice B. Cohill, Jr.
Senior District Court Judge